UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENNECO AUTOMOTIVE
OPERATING COMPANY INC.,

          Plaintiff,

                                                Case No. 08-CV-10467
vs.                                           HON. GEORGE CARAM STEEH

KINGDOM AUTO PARTS and
PRIME CHOICE AUTO PARTS,

          Defendants.

_____/

## ORDER GRANTING IN PART DEFENDANTS' MARCH 20, 2008 MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (#13) AND DENYING DEFENDANTS' THREE FEBRUARY 21, 2008 MOTIONS TO DISMISS CLAIMS ALLEGED IN INITIAL COMPLAINT AS MOOT (#5, #6, #7)

        Defendants Kingdom Auto Parts and Prime Choice Auto Parts (collectively "KAP") have filed three motions to dismiss plaintiff Tenneco Automotive Operating Company's claims as alleged in Tenneco's January 31, 2008 Complaint, and a separate motion to dismiss Tenneco's claims as alleged in Tenneco's March 3, 2008 First Amended Complaint. A hearing on the motions was held on May 14, 2008.

### I. Background

        Plaintiff Tenneco, a Delaware corporation located in Illinois, manufactures and distributes automotive shock absorbers and struts. Defendants KAP, located in Ottawa, Ontario, allegedly produce and sell an automotive strut called the "Quick-Strut." On January 31, 2008, Tenneco filed its initial Complaint alleging federal Lanham Act claims of

trademark infringement, 15 U.S.C. § 1114, false designation of origin, 15 U.S.C. § 1125, and unfair competition, 15 U.S.C. § 1125, premised on KAP's alleged unauthorized use of Tenneco's "Quick-Strut" mark, and a federal claim of copyright infringement, 17 U.S.C. § 501, based on KAP's alleged unauthorized copying of a "Quick-Strut" instruction manual. Tenneco also alleged state law claims of unfair competition, violation of the Michigan Consumer Protection Act (MCPA), M.C.L. §§ 445.901, et seq., misappropriation of business value, and unjust enrichment based on KAP's alleged unauthorized use of the "Quick-Strut" mark, and a state law claim of tortious interference with prospective economic advantage based on KAP's unauthorized use of the "Quick-Strut" mark and copying of the "Quick-Strut" manual.

On February 21, 2008, KAP filed three separate motions to dismiss seeking to: (1) dismiss the federal copyright infringement claim under Rule 12(b)(1) for lack of subject matter jurisdiction absent a registered copyright; (2) dismiss the three federal Lanham Act claims under Rule 12(b)(1) for lack of subject matter jurisdiction because KAP's alleged November 2007 conduct at one Toronto, Ontario trade show falls outside of the Lanham Act's territorial reach; and (3) dismiss the Lanham Act false designation of origin and unfair competition claims and the state law claims for failure to state a claim on which relief may be granted under Rule 12(b)(6). Tenneco responded by filing a March 3, 2008 First Amended Complaint, dropping all factual allegations concerning the unauthorized use of the "Quick-Strut" mark, and substituting allegations regarding KAP's unauthorized use of a stamped unique product number, and the unauthorized copying of a "warning label," a

pledge[1], and Tenneco's "Quick-Strut" instruction manual.  The First Amended Complaint alleges a federal Lanham Act claim of false designation of origin, 15 U.S.C. § 1125, based on KAP's unauthorized use of the stamped product number, a copyright infringement claim, 17 U.S.C. § 501, based on the unauthorized use of the "Quick-Strut" instruction manual, a federal Lanham Act claim of false or misleading advertising, 15 U.S.C. § 1125, based on KAP's alleged unauthorized copying of the "warning label" and pledge, and three state law claims of tortious interference with prospective economic advantage, violation of the MCPA, and unfair competition.

On March 10, 2008, KAP moved to dismiss the First Amended Complaint for lack of subject matter jurisdiction arguing that, by amending the Complaint, Tenneco conceded lack of federal question jurisdiction for lack of a registered "Quick-Strut" mark.  Tenneco asserts that the First Amended Complaint could not cure the defective jurisdictional facts alleged in the initial Complaint because subject matter jurisdiction must exist on the face of a complaint at the time the compliant is filed.  As to the amended federal claims, KAP argues the "product number" theory underlying the false designation of origin claim is discredited, the false or misleading advertising claims alleged under the Lanham Act claim are preempted by the Copyright Act and fail for lack of registered copyrights, and the federal copyright infringement claim likewise fails for lack of a registered copyright for the "Quick-Strut Installation Instructions."  Tenneco continues that, with the dismissal of the amended federal claims, the remaining state law claims should be dismissed for lack of subject matter jurisdiction because Tenneco has not invoked nor alleged sufficient facts to

---

[1] "Our pledge to you is to provide a quality product that meets or exceeds OEM expectations."

support diversity jurisdiction.

## II. KAP's March 10, 2008 Motion To Dismiss (#13)

### A. Subject Matter Jurisdiction Over Lanham Act Claims
### Alleged in Initial Complaint

KAP argues the court lacked subject matter jurisdiction over the claims alleged in the initial January 31, 2008 Complaint, and therefore the March 3, 2008 First Amended Complaint must be dismissed as a matter of law because jurisdictional facts cannot be amended to cure jurisdictional defects. As this court alluded to at the May 14, 2008 hearing, courts must be careful not to conflate subject-matter jurisdiction in a federal case with the plaintiff's need to prove the elements of a federal claim. Arbaugh v. Y & H Corp., 546 U.S. 500, 511 (2006) (quoting 2 J. Moore et al., Moore's Federal Practice § 12.30[1], p. 12-36.1 (3d ed. 2005)) (holding that Title VII "employer" requirement of 15 or more employees is an element of a Title VII cause of action and not jurisdictional). If Congress clearly states that a statutory limitation is jurisdictional, then courts must honor this federal limitation on subject matter jurisdiction. Id at 515-16. In contrast, if "Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as non-jurisdictional in character." Id. at 516. With respect to non-jurisdictional elements of a federal claim, the plaintiff need only plead a "colorable" federal claim to properly invoke federal question jurisdiction under 28 U.S.C. § 1331. Id at 513 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A claim invoking federal question jurisdiction is not "colorable" if it is wholly "insubstantial or frivolous." Arbaugh, 546 U.S. at 513 n.10 (quoting Bell, 327 U.S. at 682-83).

The federal Lanham Act claims of false designation of origin and unfair competition

as alleged in Counts II and III of Tenneco's initial Complaint, premised on KAP's unauthorized use of the "Quick-Strut" mark, were "colorable" federal claims which allowed Tenneco to properly invoke federal question jurisdiction under § 1331. 15 U.S.C. § 1121(a) provides the jurisdictional basis for Lanham Act claims: "The district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties." The elements of a prima facie Lanham Act false designation claim are: "(1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of confusion." Johnson v. Jones, 149 F.3d 494, 502 (6th Cir. 1998). The Lanham Act may apply to conduct outside the United States which has a substantial economic effect on interstate commerce. Liberty Toy Co., Inc. v. Fred Silber Co., No. 97-3177, 1998 WL 385469, at **6 (6th Cir. June 29, 1998) (citing Steel v. Bulova Watch Co., 344 U.S. 280 (1952) and Vanity Fair Mills v. The T. Eaton Co., 234 F.2d 633, 642 (2d Cir. 1956)).

      KAP's argument that the conduct underlying Tenneco's Lanham Act claims of false designation of origin and unfair competition are not-actionable because they occurred outside the United States, as supported by President Gary Calagoure's attestation of a one-time use of a "Quick-Strut" mark at a Toronto trade show, challenges a non-jurisdictional element of Tenneco's prima facie case, not the court's federal subject matter jurisdiction over Lanham Act claims. See Official Pillowtex LLC v. Hollander Home Fashions Corp., 497 F.Supp.2d 744, 753 (S.D. Ohio 2007) (holding consistent with Arbaugh that arguments addressing lack of prima facie Lanham Act case went to failure to state a claim challenge under Rule 12(b)(6), not lack of federal jurisdiction under 12(b)(1)).

Following the May 14, 2008 hearing, the court invited the parties to file supplemental briefs addressing the Arbaugh decision. The court agrees with KAP that registration of a copyright is a jurisdictional requirement for filing a federal copyright infringement claim. See Murray Hill Publications, Inc. v. ABC Communications, Inc., 264 F.3d 622, 630, 630 n.1 (6th Cir. 2001) (citing 17 U.S.C. § 411(a) ("No action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title.")). 15 U.S.C. § 1121(a) of the Lanham Act contains no such limiting jurisdictional language. In 1952, the Supreme Court held in Steele v. Bulova Watch Co., 344 U.S. 280, 253-255 (1952) that a district court had jurisdiction under the Lanham Act to award relief to an American corporation for acts of trademark infringement and unfair competition committed in a foreign country by a United States citizen, with the Court noting that the Lanham Act "confers broad jurisdictional powers upon the courts of the United States." Fifty-four years later, the Supreme Court recognized its previous observation that "[j]urisdiction . . . is a word of many, too many, meanings." Arbaugh, 546 U.S. at 510 (quoting Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 90 (1998)).

> . . . . Judicial opinions, the Second Circuit incisively observed, "often obscure the issue by stating the court is dismissing 'for lack of subject matter jurisdiction when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim." DaSilva [v. Kinsho International Corp., 229 F.3d 358, 361 (2nd Cir. 2000)]. We have described such unrefined dispositions as "drive-by jurisdictional rulings" that should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit. Steel Co., 523 U.S., at 91 [].

Arbaugh, 546 U.S. at 511. Consistent with Arbaugh, the court finds that Steele is not controlling on the question of whether this court had federal subject matter jurisdiction to

adjudicate Tenneco's initial Lanham Act claims of false designation of origin and unfair competition. KAP's argument that Arbaugh is distinguishable as a Title VII action is not persuasive given the broad ruling of the Court. See Arbaugh, 546 U.S. at 515-16; Official Pillowtex, 497 F.Supp.2d at 753. Tenneco's Lanham Act claims of false designation of origin and unfair competition as alleged in the initial Compliant were not wholly "insubstantial or frivolous." Arbaugh, 546 U.S. at 513 n.10.

In sum, this court enjoyed federal question subject matter jurisdiction over Tenneco's initial Compliant. Consequently, KAP's argument that the court lacks subject matter jurisdiction over the claims alleged in the First Amended Complaint because the court lacked subject matter jurisdiction over the initial Complaint is not well taken. The court need not address KAP's argument that Tenneco cannot cure defective jurisdictional facts by amendment.

### B. Subject Matter Jurisdiction Over Claims Alleged In First Amended Complaint

In their March 10, 2008 motion to dismiss under Rule 12(b)(1), KAP also argues the court lacks subject matter jurisdiction over the claims alleged in Tenneco's First Amended Complaint. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may attack a claim on its face, or attack the factual basis for jurisdiction. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). In reviewing a facial attack on jurisdiction, all of the plaintiff's allegations must be considered as true. Id. In reviewing a factual challenge, the court must weigh the evidence and the plaintiff has the burden of demonstrating jurisdiction. Id.

Only Count II in the First Amended Complaint alleging copyright infringement based

on the unauthorized copying of "Quick-Strut Installation Instructions" is subject to dismissal for lack of subject matter jurisdiction. Tenneco does not allege that it has a registered copyright to its "Quick-Strut Installation Instructions." Indeed, Count II alleges on its face that Tenneco applied for copyright protection for the "Quick-Strut Installation Instructions" on January 30, 2008. Absent an alleged jurisdictional requirement of a registered copyright, Count II of Tenneco's First Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. Murray Hill, 264 F.3d at 630, 630 n.1; DLX, Inc. v. Kentucky, 381 F.3d 511, 516.

KAP's Rule 12(b)(1) motion to dismiss the remaining federal Lanham Act claims of false designation of origin and false and misleading advertising alleged in Counts I and III again conflates the issue of the existence of subject matter jurisdiction and the existence of the prima facie elements of the claims. Arbaugh, 546 U.S. at 511. KAP argues that Count I alleging false designation of origin based on the unauthorized use of a stamped "unique product number" fails because part numbers are not generally granted Lanham Act protection, citing R&B, Inc. v. Needa Parts Mfg., Inc., 418 F.Supp.2d 684 (E.D. Penn. 2005). R&B held on summary judgment that the part numbers before it did not reflect the "minimal degree of creativity" as "short phrases" to warrant protection. R&B, 418 F.Supp.2d at 684. Consistent with Arbaugh and Official Pillowtex, supra, any failure of Tenneco's part numbers to meet the "minimal degree of creativity" necessary to support a Lanham Act claim is not a jurisdictional failure. KAP's argument that Count III alleging a Lanham Act claim of false or misleading advertising is pre-empted by the Copyright Act likewise fails to raise a jurisdictional issue. Ritchie v. Williams, 395 F.3d 283 (6th Cir. 2005), relied upon by KAP, held that certain state law claims are preempted by the federal

Copyright Act. Ritchie, 395 F.3d at 286-287. KAP has not shown that its preemption argument relative to the federal Lanham Act claim raises a purely jurisdictional challenge. Whether Tenneco has alleged actionable Lanham Act claims in its First Amended Complaint is properly raised in a Rule 12(b)(6) motion to dismiss, a motion requiring KAP to show it appears beyond doubt that Tenneco cannot develop any set of facts consistent with its allegations that would entitle Tenneco to relief. Bower v. Federal Express Corp., 96 F.3d 200, 203 (6th Cir. 1996). The court is not convinced that Tenneco's Lanham Act claims as set forth in the First Amended Complaint fail for lack of subject matter jurisdiction. DLX, Inc., 381 F.3d at 516. KAP's argument to dismiss the remaining state law claims for lack of subject matter jurisdiction is without merit in light of the court's ruling with respect to the Lanham Act claims. See 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over state claims where district court has original jurisdiction over federal claim).

## II. KAP's Three February 21, 2008 Motions To Dismiss Claims Alleged in the Initial Complaint

The claims alleged in Tenneco's initial January 31, 2008 Complaint are no longer at issue. The court has addressed KAP's motion to dismiss for lack of subject amtter jurisdiction as it relates to the First Amended Complaint. KAP's three February 21, 2008 motions to dismiss will therefore be denied as moot.

## III. Conclusion

For the reasons set forth above, defendants KAP's March 10, 2008 motion to dismiss is hereby GRANTED, IN PART, to the extent Tenneco's claim of copyright infringement as alleged in Count II of the First Amended Complaint is hereby GRANTED. Count II is hereby dismissed without prejudice. The remainder of KAP's March 10, 2008

motion to dismiss is hereby DENIED.  KAP's three February 21, 2008 motions to dismiss Tenneco's claims alleged in the January 31, 2008 Complaint are hereby DENIED as MOOT.

    SO ORDERED.

Dated: June 17, 2008

                          s/George Caram Steeh
                          GEORGE CARAM STEEH
                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 17, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk