**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TENNECO AUTOMOTIVE
CO., INC.,
        Plaintiff,             CIVIL ACTION NO.  08-CV-10467-DT

  VS.                                DISTRICT JUDGE GEORGE CARAM STEEH

KINGDOM AUTO PARTS,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL (DOCKET NO. 68)

This matter comes before the Court on Defendants' Motion to Compel Discovery of Plaintiff on Defendants' Interrogatories No. 1-4 and 6-11. (Docket no. 68). Plaintiff has responded. (Docket no. 76). Defendants have filed a Reply brief. (Docket no. 78). The parties have also submitted a Joint Statement of Unresolved Issues. (Docket no. 91). All pretrial matters have been referred to the undersigned for decision. (Docket no. 60). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendants' motion is now ready for ruling.

The parties' Joint Statement reveals that they have not resolved any of the issues regarding these interrogatories. The parties do not reveal when Defendants' First Set of Interrogatories were served. However, Plaintiff contends that it timely responded on September 2, 2008 and supplemented those responses on September 22, 2008. The Court will address the interrogatories individually below.

## 1. Interrogatory No. 1

Interrogatory No. 1 pertains to Plaintiff's claims of lost profits. Plaintiff responded with several objections and by stating that it would produce all responsive documents at a mutually convenient place and time. Plaintiff has produced in response the sales data that it received from Defendants and contends that the customers listed in that data are the customers to whom Plaintiff would have sold but for Defendants' infringement. (Docket no. 91 at 5).

The Court finds that Plaintiff's response by producing copies of Defendants' sales data is not sufficient. The information requested is relevant to the issues of the case and particularly Plaintiff's claims of lost profits. The information requested includes the identification of customers from whom sales were diverted, Plaintiff's cost basis in goods so diverted, Plaintiff's prices in any goods that were diverted, and Plaintiff's profits in those goods. Plaintiff fails to show that Defendants' data provides all of this information, and the Court's review of the sales data confirms that it does not. Therefore, Plaintiff is ordered to supplement its response to Interrogatory No. 1 by answering the questions posed rather than simply referring Defendants to their own sales data.

## 2. Interrogatories Nos. 2-4

Interrogatories 2–4 pertain to Plaintiff's claims of business interference. Interrogatory No. 2 asks for customer identification information. Interrogatory No. 3 asks for Plaintiff's business relationships and expectancies with these customers. Interrogatory No. 4 asks that Plaintiff state its economic injury in quantitative terms both at the time of commencement of this action and at the time of responding to these interrogatories. In response, Plaintiff invoked Fed. R. Civ. P. 33(d) (option to produce business records) and produced declarations of four people who give anecdotal

information regarding alleged instances of actual confusion among Plaintiff's customers caused by Defendants' unlawful use of Plaintiff's product numbers on its products. (Docket no. 91 at 7).

Rule 33(d) provides that in answering an interrogatory a party may specify "a party's business records" to supply the answer. Plaintiff fails to show that these declarations qualify as "business records" contemplated by the Rule. Even if these declarations are "business records," the declarations fail to sufficiently answer the questions posed by the interrogatories. In particular, the declarations do not provide information on Plaintiff's business relationships and expectancies with the customer or the economic injury that Plaintiff suffered. Therefore, Plaintiff must supplement its responses to Interrogatories 2-4 by narratively answering the questions posed.

### 3. Interrogatory No. 6

Interrogatory No. 6 asks Plaintiff to identify the constituent elements of its copyrighted work (its installation instructions) that are original, in the sense of copyright law. In response, Plaintiff stated that it is "the author of the entire work." (Docket no. 76 ex. A). The parties disagree on whether Plaintiff is entitled to a presumption of originality because the copyright in the work is registered. A copyright registration establishes a prima facie case of originality in the holder. *Blumcraft of Pittsburgh v. Newman Bros., Inc.,* 373 F.2d 905, 906 (6th Cir. 1967). The Court finds that Plaintiff has adequately answered this interrogatory. No supplementation is required for Interrogatory No. 6.

### 4. Interrogatory No. 7

Interrogatory 7 asks Plaintiff to identify the actual authors of the constituent elements identified as original in its copyrighted work. In response, Plaintiff again states that it is the author. Defendants argue that Plaintiff must identify the specific people hired by Plaintiff to create the work.

3

The interrogatory is not drafted clearly enough to alert Plaintiff that this is the information requested. The Court therefore will not compel Plaintiff to supplement this interrogatory.

5. **Interrogatory No. 8**

This interrogatory asks Plaintiff to identify each instance involving an allegation that a Monroe Quick-Strut has a defect. Plaintiff contends that it fully answered in a separate document designated as "Confidential–Attorneys Eyes Only." (Docket no. 91 at 16). The only such document in the record is docket no. 79 which is the sales list of Defendants. This document does not provide information responsive to this interrogatory. Defendants contend that Plaintiff has answered only with "vague reference to documents that it has not produced." (Docket no. 78 at 5). Plaintiff has not shown otherwise. Accordingly, Plaintiff must supplement its response to Interrogatory 8 to state the information requested.

6. **Interrogatory No. 9**

This interrogatory asks for the facts substantiating the allegation that the Defendants' struts do not meet or exceed OEM specifications. Plaintiff objected and argues that pursuant to Fed. R. Civ. P. 33(d) it has properly answered this interrogatory by providing Defendants with copies of two expert reports and the declarations of Dr. Jones and Michael Fec. (Docket no. 91 at 16-17). These documents describe how Defendants' strut assemblies are allegedly inferior to Plaintiff's assemblies. Plaintiff contends that because OEM specifications are more stringent than their specifications, it follows that Defendants' products are inferior to the OEMs. Plaintiff's response and supplemental response fail to set out this reasoning and fail to identify these documents as being responsive to this interrogatory. Therefore, Plaintiff must supplement its response to set out this reasoning and state that these are the responsive documents in its possession, custody, and control.

4

### 7. Interrogatory No. 10

This interrogatory asks whether Plaintiff contends that it possesses proprietary rights (trade dress rights) in the glossy black color of its struts, the boot design of its struts, or the bumper design of its struts. In its First Supplemental Response Plaintiff states that "it does possess the property rights identified in the Interrogatory." (Docket no. 76 at 17). The question of whether Plaintiff is asserting those alleged rights is a separate question not asked by the interrogatory. Therefore, there is no need for supplementation of this response.

### 8. Interrogatory No. 11

This interrogatory asks about each instance of actual confusion arising from the conduct of Defendants alleged to be actionable by Plaintiff. Specifics are requested such as the identity of persons involved, the dates of the transaction or occurrence, and the relationship of the confused person to Plaintiff. Plaintiff states in response that it will produce documents under Rule 33(d) at a later date. (Docket no. 76 at 18). Plaintiff further contends in the Joint Statement of Issues that it produced declarations that provide instances of actual confusion among Plaintiff's customers. (Docket no. 91 at 21). These declarations are apparently the same ones identified above in the discussion of Interrogatories 2-4.

Plaintiff failed to specifically identify which records it was referring to in its responses to this interrogatory. Rule 33(d) requires the party to specify the records in sufficient detail to enable the other party to locate and identify the records. Therefore, Plaintiff's use of Rule 33(d) is not proper. Plaintiff must supplement its responses with a narrative answer for the questions asked by Interrogatory No. 11.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (docket no. 68) is **GRANTED IN PART AND DENIED IN PART** as set out above.

**IT IS FURTHER ORDERED** that the supplementation ordered above shall be served on or before December 31, 2008.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  December 15, 2008          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 15, 2008           s/ Lisa C. Bartlett
                                   Courtroom Deputy