UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENNECO AUTOMOTIVE
CO., INC.,
        Plaintiff,                  CIVIL ACTION NO. 08-CV-10467-DT

 VS.                                DISTRICT JUDGE GEORGE CARAM STEEH

KINGDOM AUTO PARTS,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                                /

### OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

This matter comes before the Court on Plaintiff's Motion to Compel Discovery of Defendants on Plaintiff's First Set of Interrogatories and Plaintiff's First Set Request for Documents and Things filed on October 27, 2008.  (Docket no. 92).  Defendants have responded.  (Docket no. 96).  Plaintiff filed a Reply brief.  (Docket no. 110).  The parties filed a Joint Statement of Unresolved Issues on November 26, 2008.  (Docket no. 112).  All pretrial matters have been referred to the undersigned for decision.  (Docket no. 60).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  This matter is now ready for ruling.

Plaintiff served the discovery at issue in June 2008.  Defendants' response was served on July 21, 2008.  Defendants produced documents on September 4, 2008 and provided supplemental discovery on October 22, 2008.  (Docket no. 112 at 3, 5).  The parties have addressed the interrogatories and requests for production still at issue in their Joint Statement.  (Docket no. 112).  The Court will use that document as a guide and address the issues set out therein.

**Interrogatory No. 2**

This interrogatory asks Defendants to state when and how they became aware of Plaintiff's product numbers for strut assemblies, why Defendants engraved the numbers on their assemblies, and information about the person who decided to use these numbers.  Defendants provided responsive information in their initial and supplemental responses.  (Docket no. 92-12 at 4).  Plaintiff complains that Defendants should be compelled to identify the manufacturer of its strut assemblies (in Asia) and "produce the requested discovery."  (Docket no. 112 at 6).  The interrogatory does not ask specifically about the Asian manufacturer of Defendants' strut assemblies.  This interrogatory should be redrafted to request the specific information that Plaintiff now seeks.

**Interrogatory No. 3**

Interrogatory 3 asks Defendants to identify any product or other material on which Defendants at any time used a product number and to provide many specifics with regard to those numbers.  There is no time limitation on the request.  Defendants objected to the scope of this interrogatory and argued that its own product numbers are not at issue but produced some responsive documents.  (Docket no. 92-12 at 5).  Plaintiff contends that Defendants should be compelled to provide a narrative response.  (Docket no. 112 at 7).  This interrogatory as framed is unduly burdensome, especially in light of Plaintiff's failure to state how this information regarding Defendants' product numbers is relevant to any of the issues in this action.

**Interrogatory No. 4**

Interrogatory 4 is a follow-up to the previous interrogatory.  It asks with respect to each product identified earlier, to state the date each product was first offered for sale, the date of the first sale, the identity of the customers for each product, and the customer's date of first purchase.

Defendants produced their sales histories for November 1, 2007 through August 31, 2008. (Defendants' K2-K23). Plaintiff argues that the sales histories from 2007 and 2008 are not responsive because the interrogatory asks when the products were first offered for sale. (Docket no. 112 at 8). The Court agrees that the response does not provide the information requested. However, the Court has found that the interrogatory on which this interrogatory is based is unduly burdensome. Therefore, the Court will not compel a further response.

**Interrogatory No. 6 and Document Request Nos. 10, 14, 16, 17, 20, 24**

This interrogatory and these document requests concern the installation instructions supplied inside the packages of Defendants' strut assemblies. Plaintiff complains that Defendants are playing word games to avoid answering, are hiding behind the Asian manufacturer, and are using a definition of "consumer" which is too narrow. (Docket no. 112 at 9). Defendants responded to these discovery requests with objections and by stating that they have never printed a copy of the installation instructions, never placed a copy inside a StrutTEK package, and never distributed a copy to a consumer. (Docket no. 92-12 at 8).

The definition of "consumer" used by Defendants in their responses does have support, and Plaintiff offered no support for its argument of a broader definition. *See Williams Electronics Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004). Based on Defendants' responses, it is apparent that Plaintiff must direct its questions and document requests regarding the installation instructions to the Asian manufacturer. Plaintiff complains that Defendants refuse to identify this entity, however Plaintiff fails to show that it has properly asked Defendants, after the filing of a protective order, to identify the manufacturer. Plaintiff should redraft these discovery requests.

**Interrogatory No. 9**

This interrogatory asks whether Defendants have ever referred to their strut assemblies as "Quick-Strut" or an "economy" line of Monroe's strut assemblies and other questions regarding the circumstances under which Defendants' strut assemblies were sold to customers. In response, Defendants objected and identified one instance where the term "quick-strut" was used. (Docket no. 92-12 at 9-10). This use appears to be the same use as that identified in docket no. 17-3. They are both related to a Canadian trade show in 2007. Plaintiff also complains that Defendants' president testified during his deposition about salespeople presenting unpackaged strut assemblies to customers during sales calls. Defendants' president stated that these salespeople were "commissioned or on our staff." (Docket no. 110-3 at 6). Therefore, Defendants must supplement this response with details regarding the practice of their salespeople (those on staff or commissioned by Defendants) presenting Defendants' unpackaged strut assemblies bearing a product number of Plaintiff.

**Interrogatory Nos. 11 and 12**

These interrogatories concern Defendants' "brand development program," Defendants' "marketing bulletin," and the labeling and engraving of Defendants' strut assemblies. Defendants have adequately answered these interrogatories by citing the Second Declaration of Gary Calagoure, docket no. 35-3, and by referring Plaintiff to his trial testimony. (Docket no. 92-12 at 11). Defendants failed to cite specific page numbers of Mr. Calagoure's trial testimony, however. Defendants must supplement their response to cite the specific page numbers which are responsive to these interrogatories.

**Interrogatory No. 13 and Document Request No. 32**

Interrogatory No. 13 asks for the facts upon which Defendants are relying to support their assertion that their products meet or exceed OEM specifications. Defendants replied that the statement is made in reliance upon the assurances of the manufacturer. This statement is relevant to Plaintiff's Fourth Cause of Action of its Second Amended Complaint. (Docket no. 75). Defendants did not identify a person having knowledge of these facts or identify documents as the interrogatory also requests. Document Request No. 32 asks for the documents and things related to this statement. Defendants stated that they had none in their possession, custody, or control. (Docket no. 92-13 at 25). Defendants must supplement their responses to identify any person having knowledge of these facts. Again, it appears that once Plaintiff discovers the identity of the Asian manufacturer it may be a source for further information on these issues.

**Document Request Nos. 5-7**

These document requests seek Defendants' audited financial statements for each year that Defendants sold products using Plaintiff's product numbers, using Plaintiff's "Quick-Strut® Marks," and using Plaintiff's installation instructions. Defendants state in response that there was no activity in selling complete strut assemblies in any fiscal year prior to the year ending July 31, 2008 and that the audited financial statement for that year has not yet been prepared. (Docket no. 92-13 at 4). Defendants have therefore adequately responded to these requests if in fact the statement is not in existence. When the audited financial statement is prepared, Defendants must supplement their responses by producing this statement.

**Interrogatory No. 18 and Document Request Nos. 15, 26, 30, 31, 33 and 34**

With respect to these discovery requests, Plaintiff simply states that Defendants' position is that they have produced all responsive documents and asks the Court to enter an order that prohibits Defendants from relying on any documents that would fall within the ambit of these Requests. (Docket no. 112 at 15). Defendants respond by arguing that such an order would be improper because they have identified responsive information for some of these Requests and such an order would preclude Defendants from supplementing their responses if they become aware of further responsive information or documents. (*Id*. at 16). The Court has reviewed the responses and supplemental responses made by Defendants. There is no showing that these responses are false or inaccurate. The Court declines to enter the order requested by Plaintiff. If any responsive documents or other information is being improperly withheld by Defendants that may be dealt with in the ordinary course of this litigation as provided for in the Federal Rules.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 92) is **GRANTED IN PART AND DENIED IN PART** as set out above.

**IT IS FURTHER ORDERED** that Defendants serve the supplemental responses described above on or before January 21, 2009.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 06, 2009                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: January 06, 2009                s/ Lisa C. Bartlett
                                       Courtroom Deputy