UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TENNECO AUTOMOTIVE CO., INC.,**
      **Plaintiff,**      **CIVIL ACTION NO. 08-CV-10467-DT**

 VS.      **DISTRICT JUDGE GEORGE CARAM STEEH**

**KINGDOM AUTO PARTS,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
      **Defendants.**
                          /

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendants' Motion for Protective Order filed on October 30, 2008. (Docket no. 93). Plaintiff filed a Response brief on November 14, 2008. (Docket no. 103). Defendants filed a Reply brief on November 18, 2008. (Docket no. 105). The parties filed a Joint Statement on Unresolved Issues on December 1, 2008. (Docket no. 113). All pretrial matters have been referred to the undersigned for decision. (Docket no. 60). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

    **A.**    **Facts, Claims, and Procedural History**

Defendants move for a protective order that discovery not be had on the 22 subpoenas issued by Plaintiff Tenneco Automotive Co. to the customers of Defendant Kingdom Auto Parts or, alternatively, that all discovery be stayed pending rulings on dispositive motions, docket nos. 85-87. (Docket no. 93 at 2). Defendants and Plaintiff are competing manufacturers of automotive strut assemblies. Defendants argue that good cause exists to foreclose discovery based on Plaintiff's subpoenas under Fed. R. Civ. P. 26(b) and (c) because the subpoenas are abusive of the Court's compulsory process. (*Id.*). Defendants contend that Plaintiff issued the subpoenas in retaliation for

the Court's denial of Plaintiff's motion for preliminary injunction. (*Id*.). Additionally, Defendants argue that good cause is established because Plaintiff has had ample opportunity to obtain the same information by discovery in this action. In particular, Defendants contend that the information sought by the subpoenas was furnished by Defendants when they produced their sales data. (*Id*.). With regard to the pending dispositive motions, Defendants contend that this case "cries out for simplification of the claims and issues." (*Id*. at 3).

Plaintiff argues that discovery in this action should not be stayed because the pending dispositive motions do not address all of the claims at issue. According to Plaintiff, its claims related to Defendants' use of Plaintiff's product numbers and the alleged infringement of its copyright in its instruction manual will remain even if the motions are granted. (Docket no. 103 at 6). Plaintiff also contends that it is Defendants' failure to cooperate in discovery that forced it to issue the third-party subpoenas. (*Id*. at 5). Plaintiff also argues that the inspections that it has completed pursuant to the subpoenas has shown that Defendants' president, Gary Calagoure, provided false testimony to the Court upon which the Court expressly relied in denying Plaintiff's motion for preliminary injunction. (*Id*.).

The subpoenas at issue were issued by Plaintiff on or about October 21, 2008. (Docket no. 113 at 3). They were served on "22 of the relatively smaller customers" of Defendants.[1] (*Id*.). The representative subpoena submitted by Defendants shows that Plaintiff requested inspection of the inventory of strut assemblies purchased from Defendants, documents received from Defendants referencing Plaintiff or Plaintiff's product or this lawsuit, promotional materials received from

---

[1] The 22 customers and their locations are identified in Defendants' brief. (Docket no. 93 at 7-8).

Defendants, documents relating to instances where customers have been confused as to the source of Defendants' strut assemblies, and documents concerning returns or recalls of Defendants' strut assemblies. (Docket no. 93 ex. A). The discovery produced by Defendants which they claim shows that the subpoenas seek duplicative discovery is Defendants' detailed sales report (K2-K23) which shows the identity of the customer, the number of units, the dollar volume, and the product cost. (Docket no. 93 at 12). Defendants also state that they have produced their product and its packaging to Plaintiff.

### B.  Governing Law

Defendants move for a protective order pursuant to Fed. R. Civ. P. 26(c).[2] (Docket no. 93 at 2). Rule 26(c) provides that a "party or any person from whom discovery is sought may move for a protective order in the court where the action is pending." For good cause shown, the court may issue an order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Good cause is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and [the moving party] cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)); *Underwood v. Riverview of Ann Arbor*, 2008 WL 5235992, slip op. at *2 (E.D. Mich. Dec. 15, 2008).

---

[2] Defendants do not move under Fed. R. Civ. P. 45(c)(3) to quash the subpoenas. Therefore, Plaintiff's argument that only the issuing court has jurisdiction to quash the subpoenas, as Rule 45 allows, is inapposite.

**C.      Analysis**

   **1.      Good cause for a protective order based on Plaintiff's alleged discovery abuse**

Defendants first argue that Plaintiff has abused the discovery process in this action by issuing these subpoenas. (Docket no. 93 at 11). They contend that Plaintiff's purpose in issuing these subpoenas is to cause Defendants' customers to end their business relationships with Defendants thereby causing Defendants harm and serious injury. (*Id.*). Defendants' president submitted a declaration in which he states that his customers have stated their desire not to be involved in this lawsuit and their reluctance to do business with Kingdom Auto Parts because they were served with these subpoenas. (Docket no. 93 ex. B). He states that his businesses have been harmed because of this aversion to doing business with his companies. Mr. Calagoure also states that other customers will learn of these subpoenas through formal and informal channels and also be reluctant to do business with his companies. (*Id.*).

Defendants' burden is to demonstrate good cause through specific facts showing clearly defined and serious injury that would result from these subpoenas. *Underwood*, 2008 WL 5235992, slip op. at *3. Although service of these subpoenas could potentially adversely impact Defendants' businesses, the injury forecast by Defendants is speculative and conclusory to the extent that it fails to establish good cause. Defendants have not shown that a single sale has been lost due to the service of these subpoenas. By Defendants own admission, the subpoenas were served on their relatively smaller customers who purchased relatively few of Defendants' products. (Docket no. 93 ex. B). The customer cited by Defendants' president in his declaration, Wind Lake Auto Parts, had purchased only two of Defendants' products. (*Id.*). Defendants fail to show that even if every customer that was served a subpoena ended its business relationship with Defendants, their total

sales amounts would be substantially affected. The prospect of other customers who were not served subpoenas ending their business relationships with Defendants because of these subpoenas is speculative as well.

Defendants also argue that Plaintiff issued these subpoenas in retaliation for the Court's denial of Plaintiff's motion for preliminary injunction. (Docket no. 113 at 3). Defendants fail to support this allegation with facts, however. This conclusory assertion fails to establish the good cause required to issue a protective order.

### 2.     Cumulative nature of the discovery

Defendants also argue that the subpoenas seek information that Plaintiff already has in hand in the form of the Defendants' detailed sales report (K2-K23). (Docket no. 93 at 12). The types of information revealed by this sales report and sought by the subpoenas are set out above. The subpoenas seek information not provided in the sales report. This includes information such as that which will be gained by inspection of the customer's inventory. An issue has arisen over the accuracy of the statement of Defendants' president that Defendants stopped stamping Plaintiff's part number on their strut assemblies in March 2008. (Docket no. 113 at 10-15). An inspection of the customer's inventory will reveal information on this issue while the sales report does not. The subpoenas also seek information related to customer confusion and recalls that the sales report does not address. Therefore, Defendants have failed to show that the requested discovery is cumulative to discovery that Plaintiff has already received.

### 3.     Stay of discovery based on pending dispositive motions

Defendants' alternative argument is that all discovery should be stayed in this action until the court has ruled on Defendants' pending dispositive motions. Defendants do not claim that these

motions will dispose of all of the issues in this action. They claim only that the issues will be simplified. (Docket no. 93 at 3). The pending motions do not involve such major issues in this action as the alleged improper use of Plaintiff's product numbers (relevant to Plaintiff's Fifth and Seventh Causes of Action) and the alleged copyright infringement of Plaintiff's installation manual (relevant to Plaintiff's Third Cause of Action). (Docket no. 75). Finally, the Court finds that the ongoing discovery is producing potentially relevant information such as whether Plaintiff's product numbers are still being stamped on Defendants' products. Accordingly, a stay of discovery based on the pending dispositive motions is not warranted.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (docket no. 93) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 06, 2009         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: January 06, 2009         s/ Lisa C. Bartlett
                                Courtroom Deputy