UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TENNECO AUTOMOTIVE
CO., INC.,
        Plaintiff,                    CIVIL ACTION NO. 08-CV-10467-DT

 VS.                                    DISTRICT JUDGE GEORGE CARAM STEEH

KINGDOM AUTO PARTS,        MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:**    The Motion for Temporary Restraining Order filed by Defendants (docket no. 120) should be **DENIED.**

**II.    REPORT:**

This matter comes before the Court on Defendants' Motion for Temporary Restraining Order filed on December 24, 2008. (Docket no. 120). Plaintiff responded on January 12, 2009. (Docket no. 126). Defendants also moved for an expedited hearing, and the Court held a hearing on January 16, 2009. This motion was referred to the undersigned for a ruling.[1] (Docket no. 121). Defendants' motion is now ready for ruling.

    **A.    Facts and Claims**

Defendants and Plaintiff are competing manufacturers of automotive strut assemblies. Plaintiff raises in its complaint claims of trademark and copyright infringement, false designation of origin, and unfair competition. (Docket no. 75). Defendants allege that on October 22, 2008

---

[1] A Report and Recommendation is made because of the requested injunctive relief. *See Consumer Program Adm'rs, Inc. v. Tejpaul*, 2008 WL 5411458 (E.D. Mich. Dec. 4, 2008).

Plaintiff began to serve subpoenas and notices of inspection upon 22 of the Defendants' customers. (Docket no. 120 at 2). On October 31, 2008 Defendants filed a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) to preclude and/or limit the subpoenas and inspections. (Docket no. 93). This Court recently denied that motion. (Docket no. 124, Order of 1/6/09). Defendants allege that Plaintiff served four additional subpoenas on its customers on November 14, 2008. (Docket no. 120 at 3). Defendants argue that the subpoenas and inspections are having a chilling effect on its business and that they are losing business from current and prospective customers. (*Id*. at 3). Defendants ask for the temporary restraining order to preclude Plaintiff from conducting further inspections and/or serving additional subpoenas. (*Id*. at 5). Defendants also want Plaintiff to apologize for its actions.

Plaintiff argues that this motion for injunctive relief should be denied because it is based on the already rejected grounds raised in Defendants' Motion for Protective Order. (Docket no. 126). Plaintiff also contends that analysis under the traditional test for restraining orders and other injunctive relief, which includes a review of Defendants' likelihood of success on the merits, is improper. A motion for injunctive relief aimed at limiting discovery rather than restraining allegedly infringing conduct is not proper, according to Plaintiff. Plaintiff also argues that it will succeed on the merits of its trademark claim. Finally, Plaintiff states that it offered to agree to a mutual stay of discovery pending the Court's consideration of pending motions, but the conditions set forth by Defendants were not acceptable. Defendants reportedly required Plaintiff to back-off its assertion

that Defendant's president falsely testified during the preliminary injunction hearing before Judge Steeh.[2]

### B. Standard

Defendants move for a temporary restraining order pursuant to Fed. R. Civ. P. 65. Rule 26(c), Fed. R. Civ. P., governs the issuance of protective orders to protect a person or party from abusive discovery.

### C. Analysis

Defendants' attempt to use Fed. R. Civ. P. 65 to enjoin Plaintiff's allegedly abusive discovery practice is not proper. The case relied upon by Defendants which sets out the test for injunctive relief, *Taubman Co. v. Webfeats*, 319 F.3d 770 (6th Cir. 2003), deals with the issue of whether the allegedly infringing conduct should be enjoined, not discovery. Defendants do not cite any authority for enjoining discovery as they seek to do by this motion.

Moreover, even if Fed. R. Civ. P. 65 could properly be applied in these circumstances, it should not be applied. Rule 26, Fed. R. Civ. P., which provides for the granting of protective orders to remedy abusive discovery, and under which Defendants have already moved and been rejected, is the more specific rule applicable to the facts surrounding this motion. The more specific federal rule of civil procedure is applied rather than the more general when there is a conflict or ambiguity

---

[2] Judge Steeh denied Plaintiff's motion for relief from his September 25, 2008 Order denying Plaintiff's motion for a preliminary injunction after this Court held the hearing on the present motion. (Docket no. 128). During the January 16, 2009 hearing, the parties discussed the stamping of Plaintiff's product numbers on the strut assemblies being sold by Defendants. Plaintiff's position is that the evidence of stampings it recently obtained shows that Defendants' president made false statements on this subject in connection with Plaintiff's motion for preliminary injunction. Judge Steeh recently found, however, that the president's testimony was the result of misplaced confidence in his Chinese supplier rather than a false statement. (Docket no. 128 at 5).

between two rules. *International Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. American Fed'n of Labor and Congress of Indus. Orgs.*, 32 F.R.D. 441, 442 (E.D. Mich. 1963).

Finally, injunctive relief is an extraordinary remedy which should be granted only if the moving party carries its burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Because Defendants have the option of moving for a protective order to obtain the relief sought, resort to injunctive relief is not proper.

During the January 16, 2009 hearing, Defendants objected to the manner in which Plaintiff is allegedly conducting the inspections at the businesses of Defendants' customers. Defendants argued that representatives of Plaintiff are conducting this discovery in an abusive manner by tearing open boxes, removing the black labels covering stampings on Defendants' strut assemblies, taking photos, and in general displaying a disrespectful attitude toward the business owners and employees. While the Court would not condone such conduct, relief available under Fed. R. Civ. P. 26(c) is fully capable of addressing such matters. Resort to injunctive relief is not warranted even if such allegations were proven. The Court does direct the attention of both parties to the Civility Principles of the United States District Court for the Eastern District of Michigan which requires counsel and those under counsel's control to treat others in a courteous and civil manner and to not use any form of discovery as a means of harassment.

Defendants' Motion for Temporary Restraining Order should therefore be denied.

**III.   NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 27, 2009                           s/ Mona K. Majzoub
                                                                   MONA K. MAJZOUB
                                                                   UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 27, 2009                      s/ Lisa C. Bartlett
                                                              Courtroom Deputy